## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **RANDAL AVERY BLAND,** | * | |
| **Petitioner,** | * | |
| **v.** | * | **Civ. No. DLB-25-2887** |
| **STATE OF MARYLAND,** *et al.,* | * | |
| **Respondents.** | * | |

### MEMORANDUM OPINION

On October 21, 2025, Randal Avery Bland filed an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF 17. He amended the petition further on January 5, 2026. ECF 27. The respondents filed a limited answer. ECF 43. Bland has not filed an opposition to the limited answer. He did file a document styled "Notice of Supplemental Filing" along with numerous seemingly irrelevant documents, but the filing does not address the arguments made in the respondents' limited answer. ECF 44. No hearing is necessary. *See* Rule 1(b) & 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* (allowing application of rules for 28 U.S.C. § 2254 petitions to § 2241 habeas petitions and directing the court to determine whether a hearing is necessary); Loc. R. 105.6 (D. Md. 2025). For the following reasons, the petition, as amended, is dismissed as moot.[1]

---

[1] Bland filed a motion titled "Motion to Strike Superseded Statutory Designation Without Prejudice and to Clarify Operative Habeas Posture." ECF 26. Bland seeks confirmation that his petition has been construed as filed pursuant to 28 U.S.C. § 2241 and not pursuant to § 2254. *Id*. at 2. The motion is granted. The Court construes Bland's amended petition as a § 2241 petition, not a § 2254 petition, because Bland was in pretrial custody when he filed the petition. *See Robinson v. Thomas*, 855 F.3d 278, 284 n.5 (4th Cir. 2017) (noting that § 2241 is "the appropriate vehicle" for a pretrial detainee to seek habeas relief because they are not yet "in custody pursuant to a state court judgment," as § 2254 requires).

## I.    Background

Bland claims that on December 9, 2022, he was unlawfully detained on misdemeanor charges in Case No. D-5-CR-22-003375 filed in the District Court of Maryland for Prince George's County. ECF 17-13, at 1; *see* ECF 17, at 7. On May 16, 2023, after "the warrant was recalled and [the] case closed," a new warrant issued on the same charges in Case No. C-16-CR-23-001453, filed in the Circuit Court for Prince George's County, Maryland. ECF 17-13, at 1. Bland claims that this violated his double jeopardy rights under the Fifth Amendment because the first case was dismissed with prejudice, depriving the second court of jurisdiction. *Id*. Additionally, Bland argues that on June 28, 2023, pursuant to the May 16, 2023 warrant, he was arrested without probable cause in violation of his rights under the Fourth Amendment.[2] *Id*. Bland asks the Court to order his immediate release from unlawful detention; to correct, expunge, vacate, and nullify his criminal record and all documents in it; and to declare that his "detention and prosecution were unlawful." ECF 17, at 6; ECF 17-13, at 1. He also asks the Court to dismiss "all related criminal proceedings" with prejudice, to declare that the state circuit court lacked jurisdiction, and to acknowledge his medical disability and his need for immediate care. ECF 17-13, at 1.[3]

On August 29, 2025, a habeas petition was filed, purportedly on Bland's behalf, by an individual who claimed to be his attorney-in-fact. ECF 1. The Court ordered Bland to file an amended petition, ECF 13, which he did on October 21, 2025, ECF 17. On January 5, 2026, Bland filed a second amended petition, stating that the "Amended Petition [was] filed personally by the

---

[2] Bland cites 42 U.S.C. § 1983. ECF 17-13. If Bland intends to pursue a civil rights suit pursuant to § 1983, he must do so by way of a separate civil action.

[3] Bland complains of constitutionally inadequate medical care as well as violations of the Americans with Disabilities Act and the Rehabilitation Act. ECF 17-13, at 2. Bland may also pursue these claims in a separate civil action.

Petitioner, cures that procedural defect, and reasserts all prior claims under the correct statute, governing pretrial detention," because he was, at the time, "in custody pursuant to state pretrial proceedings, without a final judgment of conviction." ECF 27, at 1–2 (emphases removed). He alleged that additional constitutional violations have occurred now that the State of Maryland has initiated new criminal proceedings, Case No. D-042-CR-25-001282 and Case No. 0L60YLZ in the District Court of Maryland for Charles County, "based on the same or substantially similar factual allegations underlying the current federal habeas petition." ECF 27, at 3, 6.

On March 12, 2026, the respondents moved to dismiss the petition (as amended in ECF 17 and 27) as moot because Bland is no longer in pretrial custody and the cases pending against him when he filed the petition have been resolved. ECF 43, at 23. Specifically, the respondents present documentation showing that in Case No. D-042-CR-25-001282 brought in the District Court for Charles County, the charges for fraudulent use of a person's identity to avoid prosecution were disposed of by *nolle prosequi* on February 6, 2026. ECF 43-1, at 34–35. The same day, traffic citation numbers 0L00YLZ, 0L10YLZ, 0L20YLZ, 0L30YLZ, 0L40YLZ, 0L50YLZ, 0L60YLZ, 0L70YLZ, 0L80YLZ, 0L90YLZ, and 0KZ0YLZ in the District Court for Charles County were dismissed as *nolle prosequi*. *Id*. at 40–41. The Prince George's County District Court Case No. D-05-CR-22-003375 was forwarded to the Circuit Court for Prince George's County. *Id.* at 20. There, Bland was charged with two misdemeanor firearms offenses in Case No. C-16-CR-23-001453, found guilty after a jury trial on January 20, 2026, and sentenced to three years' imprisonment, with all but 194 days suspended, and three years' probation. *Id*. at 20–22, 260.

Alternatively, the respondents argue that even if the petition, as amended, is not moot, to the extent that it can be construed to challenge Bland's conviction, it is unexhausted.[4] ECF 43, at 25.

## II.    Discussion

Federal habeas relief is available under § 2241 if the petitioner is in pretrial custody, has exhausted state court remedies, and "special circumstances" exist that justify intervention by the federal court. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489–90 (1973); *United States v. Tootle*, 65 F.3d 381, 383 (4th Cir. 1995); *Dickerson v. Louisiana*, 816 F.2d 220, 224–27 (5th Cir. 1987).

Ordinary principles of mootness apply to petitioners seeking federal habeas relief. "A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution." *Aragon v. Shanks*, 144 F.3d 690, 691 (10th Cir. 1998) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). "A case becomes moot only when it is *impossible* for a court to grant *any* effectual relief whatever to the prevailing party." *United States v. Ketter*, 908 F.3d 61, 65 (4th Cir. 2018) (emphasis in *Ketter*) (quoting *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307 (2012)). If the matter is moot, the court lacks jurisdiction to hear the case. *See Spencer*, 523 U.S. at 18.

When a state prisoner is convicted and sentenced after filing a § 2241 petition, their petition becomes moot because they are no longer in pretrial custody. *See Jackson v. Clements*, 796 F.3d 841, 843 (7th Cir. 2015) ("Once [the § 2241 petitioner] was convicted, the [habeas] claims concerning his pre-trial confinement became moot."); *Rafa El v. Wright*, No. 22-7409, 2023 WL

---

[4] Because the amended petition is dismissed as moot, the Court does not address whether the claims are exhausted.

4

3073619, at *1 (4th Cir. Apr. 25, 2023) (dismissing appeal of order denying § 2241 petition because the petitioner had since been sentenced on the charges for which he was in pretrial detention and thus his appeal was moot (citing *Jackson*, 796 F.3d at 843)); *Yohey v. Collins*, 985 F.2d 222, 228–29 (5th Cir. 1993) ("[C]laims for federal habeas relief for pretrial issues are mooted by [the petitioner's] subsequent conviction."); *Thorne v. Warden, Brooklyn House of Det. for Men*, 479 F.2d 297, 299 (2d Cir. 1973) ("Since [the § 2241 petitioner] is now held as a convicted defendant rather than merely on a criminal charge not yet brought to trial, the issue as to the legality of his continued *pretrial* detention has been mooted, and it therefore becomes unnecessary to resolve the constitutional issues presented."); *Medina v. California*, 429 F.2d 1392, 1393 (9th Cir. 1970) (dismissing as moot appeal of pretrial habeas ruling because after appeal was filed, the petitioner "was tried and convicted in state court").

Bland's 2241 habeas petition challenging his pretrial custody and the three pending criminal cases against him is moot because two of the cases were dismissed and he was convicted and sentenced on charges in the third case.[5] Because Bland no longer is in pretrial detention, the Court cannot grant the relief requested in his petition. Therefore, the petition is moot, and it is dismissed.[6]

---

[5] On March 11, 2026, Bland filed a Notice of Change of Address, providing a residential address in Waldorf, Maryland. ECF 40.

[6] To the extent that Bland also asks the Court to correct, expunge, and void his criminal record and all documents in it; to dismiss "all related criminal proceedings" with prejudice; and to declare that the state circuit court lacked jurisdiction, ECF 17-13, at 1; *see* ECF 17, at 6, this Court cannot grant such mandamus relief. Under 28 U.S.C. § 1361 the federal district courts have original jurisdiction over any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty owed to a petitioner. However, federal district courts have no mandamus jurisdiction over State employees, such as the respondents in this case. *Gurley v. Superior Court of Mecklenburg Cnty.*, 411 F.2d 586, 587 (4th Cir. 1969). Additionally, a writ of mandamus is an extraordinary writ that is only available in cases where no other means by which the relief sought could be granted. *In re Beard*, 811 F.2d 818, 826 (4th Cir. 1987) (mandamus is only available if plaintiff has no other adequate means to attain relief); *see also*

Bland also filed a motion for temporary restraining order, asking the Court to order his immediate release from pretrial custody. ECF 28. This motion is denied as moot.

## III.     Certificate of Appealability

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Bland fails to demonstrate that a certificate of appealability should issue; Bland may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

## IV.     Conclusion

For the foregoing reasons, the petition for a writ of habeas corpus, as amended, is dismissed without prejudice as moot. Bland's motion for temporary restraining order is denied as moot. Bland's motion for clarification of the statute governing his habeas petition is granted. The Court declines to issue a certificate of appealability. A separate order follows.

July 2, 2026                                        _____
Date                                                    Deborah L. Boardman
                                                            United States District Judge

---

*South Carolina v. United States*, 907 F.3d 742, 754-55 (4th Cir. 2018) (discussing requirements for mandamus relief to issue). To the extent Bland seeks to challenge his conviction, he may file a separate petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 after exhausting all state remedies.

6